## A. J. Mangis, Appellee, v. Thomas H. Jones, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Hamilton county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916. Rehearing denied January 13, 1917.

### Statement of the Case.

Action by A. J. Mangis, plaintiff, against Thomas H. Jones, defendant, to recover damages for trespass on land owned by plaintiff and occupied by another person as tenant. From a judgment for plaintiff for five dollars in the Circuit Court, on appeal from the Justice's Court, defendant appeals.

J. WILSON JONES, D. J. UNDERWOOD and H. ANDERSON, for appellant.

J. H. LANE, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. JUSTICES OF THE PEACE, § 60*—*when have jurisdiction of action for damages for trespass on land.* Where suit for damages was brought before a justice of the peace for trespass upon land in possession of another as tenant of the plaintiff, who claimed ownership of the land through twenty years' adverse possession thereof, the defendant claiming ownership of the same land through survey and deeds to his adjoining tract, *held* that it was not necessary to determine in such suit the legal title to the land in controversy, and the justice had jurisdiction under Rev. St. ch. 79, art. II, sec. 1, cl. 2 (J. & A. ¶ 6877), giving justices of the peace jurisdiction in actions for damages to realty.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2.   TRESPASS, § 27*—*when reversioner may maintain action for damages for.*  Where land was in the possession of one as tenant of another who claimed to be the owner thereof by twenty years' adverse possession under claim of ownership, and a third person built a fence and took possession of the land, claiming ownership thereof through survey and deeds of adjoining land, *held* that under the Practice Act, sec. 36 (J. & A. ¶ 8573), giving a right of action to one not in possession for injury to a remainder or reversion, the lessor had a right to sue for the damages which accrued to him as reversioner by reason of such injury.

3.   TRESPASS, § 62*—*what damages are recoverable by reversioner.*  Where a person went upon land in possession of the tenant of another, built a fence thereon and took possession thereof, *held* that the party whose tenant was in possession of the land was entitled to recover at least nominal damages and a judgment for five dollars in his favor was not excessive.